IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JOHN PAUL TORRES, JR.,**          02-CV-1126-BR

      **Plaintiff,**

                            OPINION AND ORDER

**v.**

**JEAN HILL, LANNY RYALS, IAN DUNCAN,**

      **Defendants.**

**PAUL JOHN TORRES, JR.**
# 6281641
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, OR  97882

      Plaintiff, *Pro Se*

**HARDY MYERS**
Attorney General
**LEONARD W. WILLIAMSON**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301
(503) 378-6313

      Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the Motion for Summary Judgment (#75) filed by Defendants Jean Hill and Lanny Ryals. For the reasons that follow, the Court **GRANTS** Defendants' Motion for Summary Judgment.

## BACKGROUND

Plaintiff Paul John Torres, Jr., brings this action pursuant to 42 U.S.C. § 1983 and alleges Jean Hill, Lanny Ryals, and Ian Duncan, M.D., violated Plaintiff's Eighth Amendment right to medical treatment. Plaintiff alleges (1) Defendants did not provide surgery to correct carpal tunnel syndrome in Plaintiff's right hand until August 2004, (2) Defendants have not surgically removed a cataract in Plaintiff's left eye, and (3) Defendants did not provide Plaintiff with replacement dentures for 2½ years after his dentures were stolen by another inmate.

Defendants Hill and Ryals move for summary judgment on the grounds that (1) they were not personally involved in any of Plaintiff's medical treatment decisions, (2) Plaintiff's official capacity claims are barred by the Eleventh Amendment, (3) § 1983 does not provide for *respondeat superior* liability, (4) Plaintiff's first claim is barred by the statute of limitations, (5) Plaintiff does not state a claim under the Eighth Amendment, and (6) they are entitled to qualified

2 - OPINION AND ORDER

immunity.

On August 18, 2003, the Court issued a Summary Judgment Advice Order for the benefit of Plaintiff, who is appearing *pro se*.

**STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive

3 - OPINION AND ORDER

evidence than otherwise would be required.  *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

## DISCUSSION

**I.   Plaintiff's Claims Against Defendants Hill and Ryals**

An individual whose federal constitutional rights have been violated by a public official acting under color of state law may bring an action against the official for damages pursuant to § 1983.  *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir. 2001).  To prevail on a claim under § 1983, the plaintiff must establish "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right."  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (citations omitted).  "[F]or a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation:  there is no *respondeat superior* liability under

4 - OPINION AND ORDER

section 1983." *Id.*

Plaintiff does not identify any evidence that Hill or Ryals personally participated in any of Plaintiff's medical treatment decisions, and the Court does not find any such evidence in the record. Thus, the Court concludes Hill and Ryals are entitled to summary judgment on this basis. The Court also concludes there is not any ground on which Plaintiff could proceed against these Defendants and, therefore, the judgment in favor of these Defendants is with prejudice. Accordingly, the Court need not reach Defendants' other grounds for summary judgment.

The Court, therefore, grants summary judgment as to Defendants Hill and Ryals and dismisses all of Plaintiff's claims against them with prejudice.

## II. Plaintiff's Claims Against Defendant Duncan

Because the Court grants summary judgment to Defendants Ryals and Hill as to all of Plaintiff's claims against them, Ian Duncan is the sole remaining defendant in this matter. In his Affidavit in Support of Defendants' Motion for Summary Judgment, however, Steve Shelton, M.D., testified Defendant Duncan died in a motor-vehicle accident in late fall 2005. The Court, therefore, advises Plaintiff that he must file a Motion for Leave to Substitute Defendant Duncan's estate as the proper defendant pursuant to Federal Rule of Civil Procedure 25(a) in order to continue this action.

5 - OPINION AND ORDER

Accordingly, to facilitate the substitution, the Court directs defense counsel to exercise his best efforts to determine whether an estate has been opened for Ian Duncan and to provide the Court and Plaintiff with the results of those efforts no later than May 12, 2006.

If defense counsel provides Plaintiff with information as to the name of the personal representative of the estate by that date and Plaintiff chooses to proceed against the estate, Plaintiff shall have until June 12, 2006, to file his Motion for Leave to Substitute the Estate of Ian Duncan for Defendant Duncan pursuant to Federal Rule of Civil Procedure 25(a).

If defense counsel does not inform Plaintiff of the existence of an estate by May 12, 2006, and Plaintiff wishes to proceed against the Estate of Ian Duncan, Plaintiff must take the steps necessary to seek the appointment of a personal representative or ask the Court for advice concerning that process no later than June 12, 2006.

If Plaintiff does not file a Motion to Substitute or seek the Court's advice about how to proceed by June 12, 2006, the Court will dismiss this action against Defendant Duncan and, as a result, the case as a whole.

6 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** the Motion for Summary Judgment (#75) filed by Defendants Jean Hill and Lanny Ryals. The Court also **GRANTS** Plaintiff leave to substitute the Estate of Ian Duncan for Defendant Ian Duncan as set forth above.

IT IS SO ORDERED.

DATED this 11th day of April, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER